UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE JAMEL DAVIS,

                                              Plaintiff,

                   -against-

SGT. HORTON (4023), PO GONZALEZ (17878),
PO CALLE JEAN (9283), PO SEDITA (2923)

                                             Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2023

23-CV-00885 (JPC) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On February 2, 2023, Plaintiff Andre Jamel Davis, proceeding *pro se*, commenced the instant action asserting claims under 42 U.S.C. §§ 1983, 1985 and 1986 against Defendants Sergeant Horton, Police Officer Gonzalez, Police Officer Calle Jean, and Police Officer Sedita, alleging that these officers from the New York City Police Department ("NYPD"), assigned to the 50th Precinct in the Bronx, violated his rights by stopping him, detaining him, and towing his car, which was damaged while in police possession.

       On February 6, 2023, the Honorable John P. Cronan, referred this case to me for general pretrial and dispositive motions. See ECF No. 2. Thereafter, Plaintiff effected service on Defendants and filed affidavits on the docket memorializing such service. See ECF Nos. 4-7, 16-19.[1] On April 5, 2023, after Defendants failed to appear and the deadline for Defendants to answer or otherwise respond to the complaint had passed, Plaintiff submitted a request for entry of a Clerk's Certificate of Default. See ECF No. 23; see also ECF Nos. 25-29 (affirmations supporting request for entry of certificate of default). On April 10, 2023, Plaintiff filed a

---

[1] Plaintiff utilized a process server, William Coachman, who effected service at the 50th Precinct Station House. There, Lieutenant Rivera accepted service on behalf of each Defendant.

proposed Clerk's Certificate of Default, which was signed and entered by the Clerk of Court on April 12, 2023. See ECF Nos. 24, 29. Accordingly, it is hereby ORDERED that:

1. By no later than **June 26, 2023**, Plaintiff shall serve on Defendants and file with the Court a memorandum explaining the proposed amount of damages that should be awarded to Plaintiff for each claim in the Complaint, upon the default of Defendants. Plaintiff shall include, with such service, a copy of this Order.

2. Plaintiff's memorandum should include an explanation for why default judgment under Federal Rule of Civil Procedure 55 is warranted. Plaintiff should explain for each claim in the Complaint how the allegations in the Complaint establish each Defendant's liability.

3. Plaintiff's memorandum should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability will be established; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.

4. Further, to the extent that Plaintiff seeks litigation costs, such as the court filing fee and process server fees, Plaintiff's submissions should provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

5. Defendants shall submit a response, if any, to Plaintiff's submissions no later than **August 10, 2023**.

6. IF DEFENDANTS FAIL TO RESPOND BY **AUGUST 10, 2023**, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING LIABILITY FOR THE ENTRY OF DEFAULT JUDGMENT AND

DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSION ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS DEFENDANTS REQUESTS A HEARING, IN WRITING, BY **AUGUST 10, 2023**. See Action SA. v. Marc Rich & Co., 951 F.2d 504,508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

The Clerk of Court is directed to mail a copy of this order to (1) Plaintiff Andre Jamel Davis at 5951 Riverdale Avenue, #454, Bronx, NY 10471; (2) the New York City Law Department at 100 Church St, New York, NY 10007; and (3) the New York Police Department 50th Precinct Station House at 3450 Kingsbridge Ave, Bronx, NY 10463.

**SO ORDERED.**

DATED:   New York, New York
         April 26, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Copies to:

Andre Jamel Davis
5951 Riverdale Avenue
#454
Bronx, NY 10471
917-364-7313
PRO SE

New York City Law Department
100 Church St
New York, NY 10007
212-356-1000

New York Police Department 50th Precinct Station House
3450 Kingsbridge Ave
Bronx, NY 10463
718-543-5700