UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDRE JAMEL DAVIS,

                            Plaintiff,                     23-CV-00885 (JPC) (VF)

        -against-                      **REPORT &**
                                                            **RECOMMENDATION**

SGT. HORTON (4023), et al.,

                            Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

**To: THE HONORABLE JOHN P. CRONAN, United States District Judge.**

      Plaintiff Andre Jamel Davis, proceeding *pro se*, commenced this action on February 2, 2023, against Sergeant Thomas Horton, Police Officer Anthony Gonzalez, Police Officer Nathaniel Sedita, and Police Officer Jean Calle (collectively, the "Defendants"), all of whom are officers of the New York City Police Department ("NYPD"). Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986 stemming from conduct that occurred during a traffic stop. See ECF No. 1. On September 8, 2023, Plaintiff filed a first amended complaint, asserting additional claims against Defendants under 18 U.S.C. §§ 241 and 242, as well as under state law.[1] See ECF No. 51. Pending before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See ECF No. 76. For the reasons set forth below, I respectfully recommend that the Defendants' motion to dismiss be **GRANTED**.

---

[1] Plaintiff filed a second amended complaint on October 10, 2023. See ECF No. 57. The allegations contained in the second amended complaint appear to be identical to the allegations in the first amended complaint. See ECF No. 51 at 4-6; ECF No. 57 at 4-6. Plaintiff included exhibits in his first amended complaint that are not contained in his second amended complaint. See ECF No. 51 at 8-15. For the purposes of this Report and Recommendation, the Court relies on the more comprehensive first amended complaint filed on the docket at ECF No. 51.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 31, 2023, Defendants, NYPD officers assigned to the 50th Precinct in the Bronx, conducted a traffic stop after noticing that the license plate on the car Plaintiff was driving was invalid. ECF No. 51 at 4.[3] Defendants stopped Plaintiff for an hour, because of Plaintiff's invalid license plate. Id. at 5. Defendants ordered Plaintiff to exit his car. Id. Defendants did not have a warrant for the stop. Id.

Plaintiff asked Sergeant Horton to call a supervisor to assist Plaintiff, but Sergeant Horton refused. Id. Eventually, Defendants told Plaintiff that his car would be towed, and that he would need proof of ownership and a driver's license to retrieve the car. Id. The car was towed to 5 J's Automotive. Id.

On February 1, 2023, Plaintiff went to 5 J's Automotive to retrieve his car. Id. When Plaintiff arrived at 5 J's Automotive, he discovered that his car was damaged. Id. The hood of the car was smashed, the bumper was cracked, and there were scratches on the body of the car. Id. When Plaintiff asked the manager of 5 J's Automotive about the damage to his car, the manager gave Plaintiff a handwritten statement explaining that 5 J's Automotive was not responsible for the damage. Id. The manager of 5 J's Automotive also told Plaintiff that the car was towed from a different address than the location of the traffic stop on January 31, 2023. Id.

On February 2, 2023, Plaintiff commenced this action. See ECF No. 1. Plaintiff asserts claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 18 U.S.C. § 241, and 18

---

[2] For purposes of considering Defendants' motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in Plaintiff's first amended complaint. See JPMorgan Chase Bank v. Cook, 318 F. Supp. 2d 159, 161 (S.D.N.Y. 2004) ("For purposes of [a] motion to dismiss, the facts in the complaint must be accepted as true.").

[3] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the ECF-generated pagination.

U.S.C. § 242, as well as a state-law claim for property damage. Id. at 2; ECF No. 51 at 1. Plaintiff attempted to effect service on Defendants and filed affidavits of service on the docket. See ECF Nos. 4-7, 16-19. On April 5, 2023, after Defendants failed to appear and the deadline for Defendants to answer or otherwise respond to the complaint had passed, Plaintiff submitted a request for entry of a Clerk's Certificate of Default. See ECF No. 23; see also ECF Nos. 25-28 (affirmations in support). On April 10, 2023, Plaintiff filed a proposed Clerk's Certificate of Default, which was signed and entered by the Clerk of Court on April 12, 2023. See ECF Nos. 24, 29. On June 8, 2023, the Court directed that the Clerk of Court vacate the Certificate of Default because Plaintiff had not properly effectuated service on Defendants. See ECF No. 39. Plaintiff was directed to re-serve Defendants in compliance with CPLR § 308(2). See id. at 2.

Plaintiff subsequently properly served a first amended complaint on Defendants. See ECF Nos. 51, 53. On March 25, 2024, Defendants moved to dismiss the first amended complaint. See ECF Nos. 76-78. On May 13, 2024, Plaintiff filed an opposition to the motion to dismiss.[4] See ECF No. 82. On July 25, 2024, Defendants filed their reply brief.[5] See ECF No. 88.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" Green v. Dep't of Educ. of City of N.Y., 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[4] Plaintiff's opposition also included discovery demands on Defendants. See ECF No. 76.

[5] Plaintiff filed a third amended complaint on November 22, 2024, after Defendants' motion to dismiss was fully briefed and before the motion was decided. See ECF No. 89. For purposes of this Report and Recommendation, the Court does not consider the allegations raised in the third amended complaint, as Defendants did not have an opportunity to respond to those allegations. See ECF No. 90.

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In determining if a claim is sufficiently plausible to withstand dismissal, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

The Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (holding that pleadings and allegations of a *pro se* plaintiff must be construed liberally in Rule 12(b)(6) motions). But the "special solicitude" afforded *pro se* plaintiffs, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted), has its limits — "a *pro se* complaint must state a plausible claim for relief," Hogan v. Fisher, 738 F.3d 509, 515 (2d Cir. 2013). See also Morren v. New York Univ., No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *12 (S.D.N.Y. Apr. 29, 2022) ("[T]he Court may not invent factual allegations that a plaintiff has not pled.") (internal quotation marks and citation omitted). The "factual allegations [must be] sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and citation omitted). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal

4

quotation marks and citation omitted). Because issues of fact, credibility, and the weight of the evidence are not properly considered on a motion to dismiss, the Court has not considered them here. See Morren, 2022 WL 1666918, at *12.

## **DISCUSSION**

As an initial matter, Defendants repeatedly cite to and rely on materials that are outside the four corners of the first amended complaint. For example, in their brief, Defendants cite to the body worn camera footage of Defendant Sedita from the January 31, 2023 traffic stop, to put before the Court footage from the stop and statements made by Plaintiff and Defendants. See ECF No. 77 at 8, 12-22. None of that material, however, was contained in any of Plaintiff's complaints. Material outside of the complaint may only be "considered at the motion to dismiss stage if it is attached to the complaint, if the complaint incorporates it by reference, if the plaintiff relied on the document in bringing the suit, or if it is a document of which the Court may take judicial notice." Feliz v. City of N.Y., No. 19-CV-6305 (AJN), 2022 WL 446043, at *3 (S.D.N.Y. Feb 14, 2022). The Court may also consider material attached to a *pro se* litigant's opposition to a motion to dismiss. See, e.g., Rodriguez v. Rodriguez, No. 10-CV-891 (LGS), 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the Court is typically confined to the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a *pro se* pleading, a court may consider factual allegations contained in a *pro se* litigant's opposition papers and other court filings."); Smith v. Cty. of Westchester, No. 17-CV-9858 (VB), 2019 WL 3006407, at *4 n.3 (S.D.N.Y. July 10, 2019) (considering exhibit to plaintiff's opposition at the motion to dismiss stage).

The body worn camera footage upon which Defendants rely was not in any way incorporated in Plaintiff's first amended complaint. It was not discussed in his allegations in the

first amended complaint. The footage was not annexed to the complaint. Plaintiff thus did not rely on the footage in crafting his allegations and claims. The case upon which Defendants rely (see ECF No. 77 at 12), Towner v. Town of Cohocton, is inapposite. In that case, the parties "agree[d]" that certain materials outside of the pleadings were "integral to the Amended Complaint and may be considered by the Court in connection with the pending 12(b)(6) motions." Id., No. 19-CV-6638 (CJS), 2021 WL 1966799, at *2 (W.D.N.Y. May 17, 2021). Here, by contrast, it is not even apparent to the Court that Plaintiff was provided a copy of the footage prior to Defendants' motion to dismiss. And there certainly is no representation in the record from Plaintiff agreeing to the Court's reliance on the video footage. The Court therefore cannot consider the body worn camera footage in addressing Defendants' motion to dismiss the first amended complaint. See Feliz, 2022 WL 446043, at *3 (declining to consider body worn camera footage at motion to dismiss stage).

Regardless, even without reliance on that material, I recommend that Plaintiff's federal law claims be dismissed with prejudice for failure to state a claim. I further recommend that any state law claim be dismissed with prejudice for lack of subject-matter jurisdiction.

A. Plaintiff's Section 1983 Claim

Plaintiff asserts a claim under Section 1983 for violation of his constitutional rights, premised on the January 31, 2023 traffic stop. See ECF No. 51 at 1, 4-5. "Individuals who have suffered a deprivation of a constitutionally protected right may seek relief under [Section 1983]." Scheckells v. Goord, 423 F. Supp. 2d 342, 346 (S.D.N.Y. 2006). To state a claim under Section 1983, a plaintiff must allege that: (1) "a right secured by the Constitution or laws of the United States" was violated, and (2) the right was violated "by a person acting under the color of state law, or a state actor." West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted). Claims for

violations of Fourth Amendment rights, including unlawful seizures during a traffic stop, are properly brought under Section 1983. See, e.g., Gagnon v. Ball, 696 F.2d 17, 18 (2d Cir. 1982) (affirming judgment against police officers for Section 1983 claim based on violation of Fourth Amendment rights); Williams v. City of N.Y., 409 F. Supp. 3d 137, 148 (E.D.N.Y. 2019) (denying summary judgment for defendant's Section 1983 claim premised on alleged violation of Fourth Amendment rights).

In an attempt to satisfy the first element of a Section 1983 claim, Plaintiff alleges that Defendants subjected him to an unlawful stop in violation of the Fourth Amendment. See ECF No. 51 at 4-5. Defendants argue that Plaintiff's Fourth Amendment rights were not violated because, as Plaintiff concedes, his car did not have a valid license plate. ECF No. 77 at 11 (citing ECF No. 51 at 4). Even viewed in the light most favorable to Plaintiff, Plaintiff has failed to state a claim that his Fourth Amendment rights were violated by the traffic stop on January 31, 2023.

"Traffic stops are presumptively reasonable under the Fourth Amendment if the officer has probable cause to believe that a traffic infraction has occurred." United States v. Foreste, 780 F.3d 518, 523 (2d Cir. 2015). In New York, "[t]he operation of a motor vehicle without proper license plates is a traffic infraction." United States v. Craft, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *4 (S.D.N.Y. Sept. 25, 2023) (holding that stop of plaintiff driving a vehicle "which had a piece of paper in the license plate holder that read 'SOVEREIGN CITIZEN USC ART. SEC. 242'" instead of a valid license plate was not a violation of the Fourth Amendment); see also United States v. Jenkins, 452 F.3d 207, 212 (2d. Cir. 2006) (finding "no error in the District Court's determination that the initial basis for the stop of the SUV was valid because the officers reasonably believed that the SUV lacked license plates"); United States v. Cruz, No. 20-CR-206 (WFK), 2022 WL 7131928, at *3 (E.D.N.Y. Oct. 12, 2022) (holding that "the lack of the license

plate on the motorcycle alone provided sufficient [reasonable suspicion for stop and] probable cause for arrest").

In the first amended complaint, Plaintiff alleges that Sergeant Horton and Police Officer Sedita "declared my license plates were the reason for the stop." ECF No. 51 at 4. In New York, "[n]o person shall operate, drive or park a motor vehicle . . . unless such vehicle shall have a distinctive number assigned to it by the commissioner and set of number plates issued by the commissioner." See N.Y. Veh. & Traf. Law § 402(1)(a), (b)(i); see also id. at § 402(2) (explaining that a valid license plate "shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe"). In his opposition to the motion to dismiss, Plaintiff includes photographs of his car and license plate.[6] See ECF No. 82 at 17-20. The photographs show that inside the license plate holder—where a license plate should be—is a piece of paper that states, "United States of America Republic, Private UCC 1-308." See ECF No. 82 at 17, 19-20. That piece of paper is not a valid license plate. See Craft, 2023 WL 6215326, at *4 (upholding validity of traffic stop for invalid license plate where paper in the license plate holder read "SOVEREIGN CITIZEN USC ART. SEC. 242"). The photograph provided by Plaintiff confirms that Plaintiff was driving his car without a valid, state-issued license plate. And Plaintiff acknowledges that Defendants stopped him because of his "license plate." See ECF No. 51 at 4. As such, even viewed in the light most favorable to Plaintiff, his allegations demonstrate that Defendants had a lawful reason

---

[6] The photographs are of Plaintiff's car because he states that the photographs show the alleged damage to his "private automobile." ECF No. 82 at 10. Further, the Court can consider the photographs because Plaintiff submitted them as part of his opposition to Defendants' motion. See Connell v. City of N.Y., No. 00-CV-6306 (SAS), 2002 WL 22033, at *4 n.4 (S.D.N.Y. Jan. 4, 2002) (explaining that a court can consider "facts taken from materials submitted in opposition to a motion to dismiss" by a *pro se* plaintiff); see also Rodriguez, 2013 WL 4779639, at *1 (same).

to stop him and thus the traffic stop was "presumptively reasonable." See Foreste, 780 F.3d at 523 ("If an officer has observed a traffic violation, his actual motivation for stopping the vehicle is irrelevant to whether the stop is constitutionally reasonable.").

Plaintiff argues that his car did not need a license plate, relying on an article titled "No law requires you to record / pledge your private automobile." See ECF No. 82 at 22-26. Under New York law, all cars, whether for personal or commercial use, must display a state-issued license plate. N.Y. Veh. & Traf. Law § 401, 402(1)(a), (b)(i), (2). For this reason, Plaintiff's contention that his car was a "private consumer good" (see, e.g., ECF No. 51 at 5) and thus exempt from registration requirements (see ECF No. 82 at 22-26) is meritless. Despite Plaintiff's arguments to the contrary, "sovereign citizens, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." Paul v. New York, No. 13-CV-05047 (SJF) (AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (internal quotation marks and citation omitted). Plaintiff is therefore required to comply with New York's vehicle registration and license plate requirements, notwithstanding his claim of sovereign citizenship. Plaintiff has thus failed to plausibly allege a violation of his Fourth Amendment rights based on the January 31 traffic stop, and I therefore recommend that the claim be dismissed.

Moreover, I recommend that the claim be dismissed with prejudice. Typically, the claims of *pro se* litigants are dismissed without prejudice once, giving the *pro se* litigant an opportunity to amend "if a liberal reading of the complaint gives any indication that a valid claim might be stated." Montgomery v. Holland, 408 F. Supp. 3d 353, 379 (S.D.N.Y. 2019) (dismissing *pro se* plaintiff's claims with prejudice because plaintiff had already amended once and there was "no amendment to the pleadings that would" state a plausible claim). Dismissal with prejudice is proper, however, "where all indications are that *pro se* plaintiff will be unable to state a valid

claim." Farmer v. Cty. of Westchester, No. 18-CV-2691 (NSR), 2022 WL 3902729, at * 5 (S.D.N.Y. Aug. 30, 2022).

Here, all indications suggest that, even with an amendment, Plaintiff will be unable to state a valid Section 1983 claim. Given Plaintiff's allegations, Plaintiff cannot allege a violation of his Fourth Amendment rights based on the January 31 traffic stop, because Defendants had probable cause to stop Plaintiff based on his invalid license plate. See, e.g., Craft, 2023 WL 6215326, at *4 (holding that officers' perception of "a piece of paper in the license plate holder," similar to the piece of paper in Plaintiff's license plate holder here, supported lawful traffic stop). I therefore recommend that Plaintiff's Section 1983 claim be dismissed with prejudice.

B. Plaintiff's Section 1985 Claim

Plaintiff also asserts a claim under Section 1985 based on the same traffic stop. See ECF No. 51 at 1. Section 1985 affords a private right of action for "three different types of conspiracies, namely those aimed at (1) interference with law enforcement, (2) obstruction of justice, and (3) deprivation of equal rights and privileges." McDaniel v. City of N.Y., 585 F. Supp. 3d 503, 521 (S.D.N.Y. 2022) (citing 18 U.S.C. § 1985(1)-(3)). While Section 1985 "provides no substantive rights itself," it "provides a remedy for violation of the rights it designates." Rosendale v. Iluiano, No. 99-CV-11701 (DLC), 2002 WL 215656, at *7 (S.D.N.Y. Feb. 13, 2002) (internal quotation marks and citations omitted). The only plausible provision of Section 1985 that could apply here is Section 1985(3), which prohibits "conspiracies 'for the purpose of depriving directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" Guichard v. Town of Brookhaven, 26 F. Supp. 3d 219, 227 (E.D.N.Y. 2014) (quoting 42 U.S.C. § 1985(3)).

For a claim under Section 1985(3) to survive a motion to dismiss, a plaintiff must allege the following four elements: "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). "A plaintiff must provide some factual basis supporting a meeting of the minds," and "claims of conspiracy that are vague and provide no basis in fact must be dismissed." Germain v. M&T Bank Corp., 111 F. Supp. 3d 506, 540-41 (S.D.N.Y. 2015) (dismissing Section 1985(3) claim where plaintiff failed to "provide a factual basis supporting a meeting of the minds, such that defendants entered into an agreement to deprive plaintiffs of constitutional rights") (cleaned up) (internal quotation marks and citation omitted). Further, Section 1985 claims "require some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Reynolds v. Barrett, 685 F.3d 193, 201-02 (2d Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff alleges that Sergeant Horton, "being the officer in charge, instructed the other three officers . . . to assist him" in the traffic stop. See ECF No. 51 at 11. Plaintiff's lone allegation that Sergeant Horton instructed the other officers to assist in the traffic stop does not plausibly suggest the existence of a conspiracy. And Plaintiff does not allege any other facts to support a plausible inference that Defendants agreed to violate his constitutional rights. Conclusory allegations of a conspiracy are insufficient to establish a meeting of the minds. See Robinson v. Allstate Ins. Co., 508 F. App'x 7, 9-10 (2d Cir. 2013) (affirming dismissal of Section 1985 claim where Plaintiff only made conclusory allegations of a conspiracy); see also Abadi v. Am. Airlines, Inc., No. 23-CV-4033 (LJL), 2024 WL 1346437, at *22, *24 (S.D.N.Y.

11

Mar. 29, 2024) (dismissing *pro se* plaintiff's Section 1985(3) claim for failure to plead an agreement where plaintiff merely alleged that defendants "had a clear understanding between all of them" to deprive plaintiff of the right to travel); Mihalitsas v. Howard, 102 F. Supp.3d 471, 476 (W.D.N.Y. 2015) (dismissing motorist's Section 1985 claim based on traffic stop where plaintiff "alleged no facts to imply that Defendants had reached an agreement to violate his civil rights"). Here, Plaintiff at most has a single conclusory allegation in support of his conspiracy claim.

Plaintiff's allegations are insufficient for a separate reason: the intracorporate conspiracy doctrine bars Plaintiff's claim that Defendants, who are all employees of the NYPD, conspired to deprive him of his constitutional rights. Longobardi v. City of N.Y., No. 21-CV-2705 (GBD), 2022 WL 1808902, at *5 (S.D.N.Y. June 2, 2022) (dismissing Section 1985(3) claim against NYPD employees under intracorporate conspiracy doctrine); Rizk v. City of N.Y., 462 F. Supp. 3d 203, (E.D.N.Y. 2020) (dismissing Section 1985(3) claim against members of NYPD because "the Second Circuit has extended [the intra-corporate conspiracy] doctrine 'to the context of conspiracies to interfere with civil rights in violation of 42 U.S.C. § 1985'") (citing Fed. Ins. Co. v. United States, 882 F.3d 348, 368 (2d Cir. 2018)). That doctrine "holds that officers, agents, and employees of a single corporate entity, when acting within the scope of their employment, are legally incapable of conspiring together." Longobardi, 2022 WL 1808902, at *5. Because the alleged conspiratorial activity—the traffic stop and detention—all "pertain[ ] to and were motivated by," Defendants' responsibilities while on duty as NYPD officers, id., Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. See Gong v. Sarnoff, No. 23-CV-343 (LJL), 2024 WL 3638335, at *5 (S.D.N.Y. Aug. 1 2024) (dismissing conspiracy claim against NYPD officers based on events that occurred when the officers were on duty

because "[t]he intracorporate conspiracy doctrine squarely applies when the accusation of conspiracy is levelled at a group of NYPD officers, each of whom participated as a member of the police") (internal quotation marks and citations omitted).

Even if Plaintiff's allegations plausibly plead the existence of a conspiracy (and they do not), Plaintiff has not alleged sufficient facts from which to satisfy the second element of a Section 1985(3) claim. "In order to satisfy the second element of a § 1985(3) claim, the conspiracy . . . must have as its purpose the deprivation of equal protection of the laws, or of equal privileges and immunities under the laws," and "also be motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Seils v. Rochester City Sch. Dist., 192 F. Supp. 2d 100, 122-23 (W.D.N.Y. 2002) (internal quotation marks and citation omitted). Therefore, "to state a claim under Section 1985(3), the plaintiff must establish that he has been deprived of a federal right." Rosendale, 2002 WL 215656, at *7. As discussed, Defendants made a lawful traffic stop and thus could not have been acting "for the purpose of depriving a person or class of persons of the equal protection of the laws." Thomas, 165 F.3d at 146.

Moreover, Plaintiff has not plausibly alleged that Defendants acted with discriminatory animus, as required to plead a valid Section 1985(3) claim. See Brown v. City of Oneonta, N.Y., 221 F.3d 329, 341 (2d Cir. 2000) (affirming district court's dismissal of Section 1985 claims where plaintiffs failed to allege "discriminatory racial animus"); McDaniel, 585 F. Supp. 3d at 522 (explaining that a Section 1985(3) claim requires "that the conspiracy was motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus"). Plaintiff's first amended complaint is devoid of any allegation from which to plausibly infer any "racial or . . . otherwise class-based discriminatory animus." McDaniel, 585 F. Supp. 3d at 522 (dismissing

13

Section 1985 claim where the complaint provided "no factual assertions that would establish the requisite discriminatory animus"); see also ECF No. 51 at 4-6. Indeed, the first amended complaint is entirely silent on race, and there are no allegations to even suggest that Plaintiff was targeted by Defendants because of his race. See ECF No. 51 at 4-6.

I therefore recommend that Plaintiff's Section 1985 claim be dismissed with prejudice. Dismissal with prejudice is appropriate because even if Plaintiff added facts to support the existence of discriminatory animus and a conspiracy, Plaintiff still could not make out a Section 1985 claim because the January 31, 2023 traffic stop was lawful. Rosendale, 2002 WL 215656, at *7 (explaining that a Section 1985 claim requires a plaintiff to allege a deprivation of a federal right). Granting leave to amend would thus be futile based on the conduct Plaintiff has described in his first amended complaint.

   C. Plaintiff's Section 1986 Claim

Plaintiff's first amended complaint also asserts a claim under Section 1986 against Defendants for the conduct during the traffic stop. See ECF No. 51 at 1. "Section 1986 creates a cause of action against anyone who, knowing that equal protection is about to be denied as a result of conspiratorial action, and having the power to prevent such wrong, fails to act." Whitehurst v. 230 Fifth, Inc., No. 11-CV-0767 (CM), 2011 WL 3163495, at *7 (S.D.N.Y. July 26, 2011). Section 1986 is "tied specifically to Section 1985." Petruso v. Schlaefer, 474 F. Supp. 2d 430, 442 (E.D.N.Y. 2007). In other words, a plaintiff cannot state a valid Section 1986 claim without a valid Section 1985 claim. See Cater v. New York, 316 F. Supp. 3d 660, 672 (S.D.N.Y. 2018) ("A Section 1986 claim must be predicated on a valid Section 1985 claim and, in the absence of such a predicate claim, must be dismissed."). Because Plaintiff has failed to plausibly allege a Section 1985 claim, he necessarily has not alleged a valid Section 1986 claim. See id.

(dismissing Section 1986 claim where plaintiff failed to allege plausible Section 1985 claim). I therefore recommend that Plaintiff's Section 1986 claim be dismissed with prejudice.

    D.  <u>Plaintiff's 18 U.S.C. §§ 241 and 242 Claims</u>

Plaintiff also asserts claims under 18 U.S.C. §§ 241 and 242 for the conduct that occurred during the traffic stop. <u>See</u> ECF No. 51 at 1. Section 241 is a criminal statute prohibiting conspiracy "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 241. Section 242 is also a criminal statute, prohibiting the deprivation of rights under the color of law. <u>See</u> 18 U.S.C. § 242.

Sections 241 and 242 are criminal statutes, and they do not provide a private right of action. <u>See</u> <u>Foster v. State Dep't of N.Y.</u>, No. 24-CV-5734 (LTS), 2024 WL 4635313, at *3 (S.D.N.Y. Oct. 30, 2024) (dismissing claims brought under Sections 241 and 242 because "Congress did not create a private right of action under" those statutes); <u>Hewitt-Simmons v. Adams</u>, No. 23-CV-6001 (NRM) (LB), 2024 WL 4362550, at *6 (E.D.N.Y. Sept. 30, 2024) (dismissing *pro se* plaintiff's claims under Sections 241 and 242 because they are "both criminal statutes, which do not provide a private right of action"); <u>Hill v. Didio</u>, 191 F. App'x 13, 14-15 (2d Cir. 2006) (affirming district court's dismissal of plaintiff's claims under Sections 241 and 242, "which are federal criminal statutes," because "crimes are prosecuted by the government, not by private parties"). Plaintiff thus cannot state a claim under either statute. And leave to amend would be futile because the statutes do not provide a private right of action. I therefore recommend that Plaintiff's claims under Sections 241 and 242 be dismissed with prejudice as well.

E.  Plaintiff's Claim for Property Damage

Finally, Plaintiff asserts a claim for property damage based on the alleged damage to his car after it was towed following the January 31, 2023 traffic stop. See ECF No. 51 at 1, 5-6. Plaintiff does not specify a statute under which he seeks relief for his property damage, but based on the factual allegations in the first amended complaint, the Court construes Plaintiff to be asserting a common law tort claim for the damage to his car. See id. at 5-6; see also ECF No. 77 at 18-20.

In New York, a plaintiff can assert a tort claim for property damage. See Lippes v. Atl. Bank, 69 A.D.2d 127, 140 (N.Y. App. Div. 1979) ("An action based upon an alleged injury to property is one sounding in tort."). "Under New York law, an individual suing city employees must file a notice of claim." Barnett v. City of Yonkers, No. 15-CV-4013 (KMK), 2018 WL 4680026, at *12 (S.D.N.Y. Sept. 28, 2018); Forney v. Forney, 96 F. Supp. 3d 7, 14 (E.D.N.Y. 2015) (dismissing state-law tort claim against police officer defendants where plaintiff failed to comply with notice requirement under New York law). In pertinent part, New York law provides that no action shall be "maintained against a city . . . or of any officer, agent, or employee thereof" unless "a notice of claim . . . [has] been made and served upon the city. . . ." N.Y. Gen. Mun. Law § 50-i(1); see also Forney, 95 F. Supp. 3d at 14 (quoting N.Y. Gen. Mun. Law § 50-i(1)). For tort claims, a notice of claim must be served "within ninety days after the claim arises." N.Y. Gen. Mun Law § 50-e(1)(a); see also Forney, 95 F. Supp. 3d at 14 (quoting N.Y. Gen. Mun. Law § 50-e(1)(a)). "A plaintiff's state law tort claims in a federal . . . action against police officers employed by the city should be dismissed when plaintiff's notice of claim is filed more than 90 days after the claims arose." Forney, 95 F. Supp. 3d at 14 (cleaned up) (internal quotation marks and citations omitted); see also Brogdon v. City of New Rochelle, 200 F. Supp.

16

2d 411, 428 (S.D.N.Y. 2002) (dismissing state-law claims against police officers in federal civil rights action because plaintiff never filed a notice of claim). "Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice." Gibson v. Comm'r of Mental Health, No. 4-CV-4350 (SAS), 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006).

The traffic stop that underlies Plaintiff's claim for property damage occurred between January 31, 2023, when Plaintiff's car was towed from the site of the traffic stop, and February 1, 2023, when Plaintiff retrieved his car from 5 J's Automotive and saw the damage to the car. See ECF No. 51 at 4-6. Plaintiff's 90-day window to file a notice of claim expired on May 2, 2023, at the latest. See N.Y. Gen. Mun. Law § 50-e(1)(a). In the first amended complaint, Plaintiff does not that he filed a notice of claim, which is required to sue a city employee for a tort.[7] See ECF No. 51 at 5-6; ECF No. 77 at 19-20. Without an allegation that he filed a notice of claim, Plaintiff's tort claim against Defendants for the damage to his car cannot proceed.

Further, Plaintiff should not be permitted leave to amend his tort claim. Even if Plaintiff did file a notice of claim but failed to say so in his first amended complaint, the Court would lack subject-matter jurisdiction over the claim. Plaintiff is in federal court because of his Sections 1983, 1985, and 1986 claims. See, e.g., Lombardi v. Regan, 341 F. Supp. 718, 720 (S.D.N.Y. 1972) (explaining that *pro se* plaintiff's Sections 1983 and 1985 claims conferred the federal

---

[7] In his opposition to Defendants' motion to dismiss, Plaintiff included a "notice of filing" which was dated May 13, 2024. See ECF No. 82 at 10. The "notice of filing" does not purport to be a notice of claim. But even assuming that it is a notice of claim, there is no evidence that it was served on the City of New York, as required under New York General Municipal Law Section 50-i. See Forney, 96 F. Supp. 3d at 14 (citing N.Y. Gen. Mun. Law § 50-i(1)). Further, even if the document were a proper notice of claim, it was not filed until May 13, 2024, more than a year after Plaintiff's deadline to file a notice of claim expired on May 2, 2023. See N.Y. Gen. Mun. Law § 50-e(1)(a).

court with jurisdiction over the action). As discussed, Plaintiff has failed to plausibly allege any federal claim. And the allegations in the first amended complaint indicate that Plaintiff would be unable to satisfy the requirements for diversity jurisdiction, as would be needed for his state-law claim to be in federal court under 28 U.S.C. § 1332. Plaintiff lives in New York. See ECF No. 51 at 3 (indicating that he resides in the Bronx). Because all Defendants are NYPD officers, each one necessarily resides in New York.[8] Plaintiff and Defendants are thus residents of New York, preventing the Court from exercising diversity jurisdiction. See Techno-TM, LLC v. Fireaway, Inc., 928 F. Supp. 2d 694, 695 (S.D.N.Y. 2013) ("Diversity jurisdiction requires that all adverse parties to a litigation are completely diverse in their citizenships.") (internal quotation marks and citations omitted). Accordingly, even if Plaintiff amended his tort claim to allege the filing of a valid notice of claim, the amendment would be futile because the Court would lack subject-matter jurisdiction over the state claim. See, e.g., Timmons v. N.Y. State Dep't of Corr. Servs., 887 F. Supp. 576, 583 (S.D.N.Y. 1995) (concluding that court lacked jurisdiction over pendent state law tort claim where Plaintiff did not have valid Sections 1983 or 1985 claims against state officers); Sanderson v. HSBC Bank USA, No. 21-CV-2498 (AMD) (LB), 2021 WL 2156789, at *2 (E.D.N.Y. May 27, 2021) (dismissing complaint where plaintiff failed to allege federal claim and could not establish diversity jurisdiction for state law tort claims); see also Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. ---, 2025 WL 96212, at *5 (2025) (explaining that "[w]ith loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the

---

[8] See New York Police Department Hiring Process: Requirements, https://www.nyc.gov/site/nypd/careers/police-officers/po-hiring.page (listing residency "in one of the city's five boroughs or Nassau, Suffolk, Rockland, Westchester, Putnam or Orange Counties" as a necessary qualification for a New York City police officer).

state law claims"). I thus recommend that Plaintiff's state law claim also be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's first amended complaint be dismissed with prejudice.

**SO ORDERED.**

DATED:   New York, New York
         January 27, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable John P. Cronan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**