UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                                                                                :
ANDRE JAMEL DAVIS,                                        :

                                    Plaintiff,                              :                23 Civ. 885 (JPC) (VF)

                -v-                                                :                ORDER ADOPTING
                                                                   :                REPORT AND
SGT. HORTON (4023), *et al.*,                      :                RECOMMENDATION

                                Defendants.                         :

-------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Andre Jamel Davis, proceeding *pro se*, brings this action alleging civil rights violations by various officers of the New York City Police Department, stemming from conduct that occurred during a traffic stop. Dkt. 51 ("Amended Compl."). By Order dated January 27, 2025, the Honorable Valerie Figueredo, to whom this case has been referred for general supervision of pretrial proceedings and dispositive motions, issued a Report and Recommendation, recommending that the Court dismiss this case for failure to state a claim upon which relief can be granted. Dkt. 93.

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 93 at 19; *see also* Fed. R. Civ. P. 6(d) (adding three days if service is made by mail). No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation with respect to Plaintiff's federal-law claims, and dismisses those claims with prejudice for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim for property damage. *See Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) ("The governing statute, 28 U.S.C. § 1367(c)(3), permits a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims."); *cf. Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25-26 (2025) ("When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims.").[1] Accordingly, Plaintiff's claim

---

[1] Plaintiff does not allege in his Amended Complaint that diversity jurisdiction provides an independent basis for this Court's exercise of subject matter jurisdiction over his state-law claims. *See* Amended Compl. at 1-2. Moreover, it would seem unlikely that there is diversity in the parties' citizenships, as Plaintiff lists his address as one in New York, *see id.* at 3-4, and the defendant police officers are required to reside in New York, *see New York Police Department Hiring Process: Requirements*, https://www.nyc.gov/site/nypd/careers/police-officers/po-hiring.page,

for property damage is dismissed without prejudice.  The Clerk of Court is respectfully directed to terminate this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 18, 2025
      New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

(listing residence "in one of the city's five boroughs or Nassau, Suffolk, Rockland, Westchester, Putnam or Orange counties" as a necessary qualification for New York City police officers).